Welch, Richard E., J.
After argument, ALLOWED. * The implied warranty of habitability/workman-like construction only applies to the builder-vendor who sells the new condominium unit (or common area) .See Berish v. Bornstein. There is no compelling need to extend the doctrine to sub-contractors. After all, the builder can usually recover from the subcontractor under contractual and/or indemnity theories. Thus, Count 6 must be dismissed. As to count 10, the condominium trust is not engaged in conducting trade or commerce for purposes of Chapter 93A, sec. 11. See Harris v. McIntyre, 2000 Mass. Superior Lexis 181 (Gants, J.). Because the plaintiffs did not send demand letters before bringing the 93A claim, this claim (Count 10) must be dismissed. The demand letter is a jurisdictional prerequisite.

Editor’s Note: The lead-in paragraph of the plaintiffs motion to dismiss to which this handwritten memorandum is addressed recites the following background information:
LVR Corporation (“LVR”) a small fire protection subcontractor, moves pursuant to Mass.RCiv.R 12(b)(6) to dismiss counts Six (breach of the implied warranty of habitability) and Ten (Unfair and deceptive trade practices) of the Plaintiffs’ Second Amended Complaint.